FILED
United States Court of Appeals
Tenth Circuit

October 19, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEFFREY DEAN FINNEY,

Defendant-Appellant.

No. 07-5013

(N.D. of Okla.)

(D.C. No. CR-06-134-HDC)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Jeffrey Dean Finney appeals an order revoking his term of supervised release and sentencing him to 120 months in prison. Finney was on supervised release after he served time for convictions as a felon in possession of a firearm, among numerous other offenses.[1] Finney stipulated to the conduct constituting a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] The district court revoked Finney's supervised release on a number of convictions in three different cases for which he was sentenced to a total of 180

(continued...)

violation of his supervised release, including (1) failure to complete two substance abuse treatment programs, (2) repeated alcohol and drug abuse, (3) gambling, and (4) commission of three armed robberies. The facts behind this stipulation indicate Finney was terminated from two treatment programs for failure to abstain from drug and alcohol use and refusal to cooperate with program staff. After a revocation hearing was initially held on the substance abuse violations, Finney was arrested for three armed robberies of restaurants in Tulsa during a span of three hours. All of this took place within a year of Finney's release from prison.

Pursuant to policy statements in the United States Sentencing Guidelines ("USSG"), the suggested sentencing range for revocation of supervised release for a defendant with Finney's criminal history and type of violation is 51–63 months.[2] This is the highest range provided for by USSG § 7B1.4. Finney argues

---

[1](...continued)
months in prison and five years supervised release on June 29, 1993. He began his term of supervised release on January 23, 2006. He appeals only the revocation of supervised release for the two counts of felon in possession of a firearm, for which he received two consecutive 60-month sentences. For revocation of supervised release on the counts he does not appeal, Finney was sentenced to 24 months to run concurrently with all other sentences.

[2] This range was based on a Grade A violation because of the alleged armed robberies. USSG §§ 7B1.1, 7B1.4. At sentencing, criminal charges were still pending against Finney for those robberies, but for purposes of the revocation hearing, Finney stipulated to the alleged conduct. During sentencing, the court stated, "I do know that there is a case pending, there is an allegation [of armed robbery] pending. I'm not going to deal with that at this time. That's something

(continued...)

the district court's departure from the USSG policy statement to impose the 120-month sentence was unreasonable.[3]

---

[2](...continued)
that will be dealt with independently when it's before the Court at a proper time." R. Vol. V at 6–7. Finney argues this statement indicates the district court did not intend to consider the armed robberies when calculating the sentence for revocation of supervised release. He argues that the ultimate 120-month sentence was therefore even more extreme because it departed upward from the 8–14 month range provided for his other Grade C violations. *See* USSG §§ 7B1.1, 7B1.4.

We do not think the court's statement evinces an intent to ignore the armed robbery allegations when calculating the sentence before it. The court simply stated that the matter before it concerned only the revocation of supervised release, and the newly-filed criminal charges would be dealt with at a later time. This does not prevent the court from considering the armed robberies when formulating a sentence for revocation of supervised release when Finney stipulated to the alleged conduct for that purpose. In fact, the court was entitled to consider "the nature of the conduct leading to the revocation . . . in measuring the extent of the breach of trust" and to "leav[e] the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense." USSG. ch.7, pt. A(3)(b), introductory cmt.

[3] Whether Finney's sentence actually departed from the suggested range is debatable. Finney's supervised release was revoked on multiple counts, and USSG § 7B1.4 arguably provides appropriate ranges for imprisonment based on each individual count. If we consider individually the district court's two 60-month sentences on each of Finney's two felon in possession counts, the district court's sentences fell within the suggested 51–63 month range. Similarly, if we consider the district court's decision to treat Finney's two counts as subject to *consecutive* sentences, the court's total sentence of 120 months falls within the range computed by doubling the per-count recommended range of 51–63 months to arrive at a recommended range of 102–126 months. The district court nevertheless viewed its sentence as outside the prescribed range, and in any case, we review the sentence for reasonableness.

**Discussion**

We will overturn a sentence imposed as a result of a violation of supervised release only if it is "plainly unreasonable." *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004); *see also United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1257–58 (10th Cir. 2006) (using same standard of review post-*Booker*[4]). A sentence imposed in excess of the recommendations in the USSG policy statements will be upheld "if it can be determined from the record to have been reasoned and reasonable." *Rodriguez-Quintanilla*, 442 F.3d at 1258 (quoting *United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2004)).

Congress has directed courts to impose sentences "sufficient, but not greater than necessary" to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). A court must consider these factors as well as the USSG policy statements in imposing a sentence following a revocation of supervised release. *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006). We find the sentence the district court imposed was a reasoned and reasonable application of these factors and the policy statements.

---

[4] *United States v. Booker*, 543 U.S. 220 (2005).

The district court at sentencing expressly acknowledged the USSG policy

statements but concluded,

> This Court has considered the factors that are set forth within Title 18 U.S.C., Section 3553(a) and has elected to sentence the defendant to the 120 month term which is outside the prescribed guideline range. This sentence reflects the need for a just punishment for Mr. Finney, his use of illegal drugs, his use of alcohol, his problems with gambling while under supervision, his propensity to commit serious crimes while under the influence. Further, it provides a deterrent to serious criminal conduct and protects the public against future crimes.
>
> The Court notes that Mr. Finney has been given the opportunity for treatment at two community based centers and failed to complete the programs successfully. This sentence will provide the defendant an opportunity to complete the 500 hour residential drug program while incarcerated.

R. Vol. V at 8. The district court thus carefully analyzed how the § 3553(a)

factors supported the sentence imposed. This explanation is a reasoned

application of the § 3553(a) factors.

Moreover, the district court's sentence was not "plainly unreasonable."

First, the district court imposed the statutorily-authorized maximum of five years

per violation of supervised release on a class A felony conviction. 18 U.S.C.

§ 3583(e)(3). Second, as the court indicated at the sentencing hearing, the

sentence reflects the § 3553(a) factors. Finally, the pre-sentence report provided

to the court concluded a departure from the policy statement might be warranted

because (1) Finney's original sentence was the result of a downward departure,

*see* USSG § 7B1.4 n.4, (2) Finney has a long history of committing crimes while

under the influence of alcohol and other substances, and (3) Finney committed three armed robberies while on supervised release even after an initial revocation hearing had been held based on other violations. The district court's sentence was a thus a personalized assessment of Finney's particular history and circumstances and clearly reflects the legislative policy contained in the § 3553(a) factors.

In sum, this record demonstrates the district court's sentence was both reasoned and reasonable, given Finney's background and circumstances. The sentence accounted for Finney's total failure to control his substance abuse and his termination from two treatment programs, his historically-demonstrated propensity for future violence if he continues to use drugs and alcohol, and his commission of three armed robberies when he knew his supervised release was already in danger of revocation. These facts dramatically demonstrate Finney's unwillingness to comply with conditions of supervised release and the dangers Finney presents to the public when he is free. In light of all of these facts, the district court's sentence was reasonable.

## Conclusion

For the foregoing reasons, the district court's sentence is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge