

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-4-2008

# USA v. Perez

Precedential or Non-Precedential: Precedential

Docket No. 06-2036

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Perez" (2008). *2008 Decisions*. Paper 1505.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1505

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2036
_____

UNITED STATES OF AMERICA


v.


JUAN MANUEL PEREZ,

                                        Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 05-cr-00409)
District Judge: Honorable William G. Bassler

_____


Submitted Under Third Circuit L.A.R. 34.1(a),
November 29, 2007

Before: BARRY, FUENTES, Circuit Judges, and DIAMOND,[*]
District Judge.

(Filed: December 10, 2007)

George S. Leone
Christopher J. Kelly
Office of the United States Attorney
970 Broad Street

---

[*] Honorable Paul S. Diamond, District Judge for the United
States District Court for the Eastern District of Pennsylvania,
sitting by designation.

Room 700
Newark, NJ 07102
        *Counsel for Appellee*

Kevin F. Carlucci
Office of Federal Public Defender
972 Broad Street
Newark, NJ 07102
        *Counsel for Appellant*

_____

OPINION

_____

FUENTES, <u>Circuit Judge</u>.

        Juan Manuel Perez appeals the District Court's final judgment imposing, in part, restitution in the amount of $73,476. He asserts that the waiver of appeal provision contained in his plea agreement does not bar his challenge of the validity of the restitution order. For the reasons that follow, we conclude that the appellate waiver contained in Perez's plea agreement applies to the restitution order. Therefore, we will affirm the judgment of the District Court.

**I.**

        The restitution issue in this case stems from a bogus scheme, whereby a stolen credit card machine was used to direct unauthorized refunds to credit card accounts that the defendant created for that purpose. Like other modern merchants, Levitz Furniture Inc., ("Levitz") used point-of-sale terminals to refund money for returned merchandise that was purchased with a credit card. In 2005, Levitz informed government officials that an unauthorized individual electronically contacted Alliance Data Systems, Inc. ("Alliance"), the company Levitz used to process point-of-sale credit card transactions. That individual, defendant Perez, used the stolen point-of-sale terminal to process and receive "refunds" on personal credit cards that were unrelated to the return of Levitz merchandise.

2

The telephone numbers Perez used to contact Alliance were registered to his address in Elizabeth, New Jersey. Government surveillance disclosed Perez made electronic purchases with the credit cards that had received the fraudulent credits. Ultimately, Perez was arrested and he confessed to his bogus scheme. Levitz suffered approximately $73,476 in losses associated with these fraudulent credits.

After the federal investigation, a federal grand jury returned an indictment against Perez charging him with one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2). A few months later, Perez entered into a plea agreement that included a waiver of his right to appeal his sentence except in limited circumstances. Specifically, the plea agreement provided:

> Juan Manuel Perez knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13.

(App. 42-43.) The plea agreement also stipulated that the offense involved losses of at least $70,000 but not more than $120,000.

At the sentencing hearing, Perez asserted that there were credit balances on the credit cards he used that Levitz had not attempted to retrieve and thus the loss amount was overstated. The District Court said it would postpone sentencing if there was "an issue of restitution," so that an evidentiary hearing could be held. (App. 10.) Rather than postponing sentencing for an evidentiary hearing to determine Levitz's outstanding loss, as suggested by the District Court, Perez stipulated to the loss amount of $73,476. The District Court sentenced Perez to a term of 41 months' imprisonment followed by a term of three years of supervised release. The District Court also ordered Perez to pay restitution in

the amount of $73,476. Despite the fact that Perez waived his right to appeal, he filed this appeal challenging the District Court's order of restitution.[1]

## II.

On appeal, Perez argues that the waiver of appeal provision does not bar his challenge to the restitution order, which he asserts is not part of his "sentence." Perez also argues that the factual determinations underlying the restitution order were made by the District Court on a preponderance of the evidence and that, under United States v. Booker, 543 U.S. 220 (2005), those facts must be determined by a jury.

The government argues that the plea agreement waiver bars Perez's appeal of the District Court's restitution order because this Court held in United States v. Leahy, 438 F.3d 328 (3d Cir. 2006) (en banc), that restitution is a component of a criminal sentence. In addition, the government argues that, even if Perez did not waive his right to appeal, Perez's argument that the District Court's judicial fact-finding violated his Sixth Amendment rights is barred by our decision in Leahy.

## III.

The issue on appeal is limited. Perez does not contest that he knowingly and voluntarily waived his right to appeal. He does not assert that he misunderstood the waiver of appeal rights contained in the plea agreement. The District Court engaged Perez in a lengthy colloquy during his plea hearing and determined that Perez's "plea of guilty is a knowing and voluntary plea." (App. 35.) Specifically, the District Court questioned Perez about the appeal waiver and ascertained that Perez discussed the waiver with his attorney, that he understood he was waiving his right to appeal

---

[1] We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. See United States v. Cooper, 437 F.3d 324, 327-28 (3d Cir. 2006). This Court retains subject matter jurisdiction over an appeal by a defendant who has signed an appellate waiver. See United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007).

4

and that he did so knowingly and voluntarily.

Rather, Perez argues that restitution is not, technically, a component of his sentence, and therefore he is not precluded from appealing the order of restitution. Perez asserts that the waiver he agreed to only bars challenges to his conviction and duration of confinement. We find this contention to be without merit. We have previously stated that restitution, ordered as part of a criminal sentence, is a criminal penalty. See Leahy, 438 F.3d at 333-35. It is clear that, at the sentencing hearing, Perez understood that he would be ordered to pay restitution. The government noted at the hearing that the plea agreement included several stipulations. Perez stipulated to a loss amount "of at least $70,000 but not more than $120,000" in the plea agreement. (App. 42.) Lastly, the government stated that "[t]he Plea Agreement to which Mr. Perez has entered into also contains a waiver of appeal." (App. 23.) Following the government's summary of the plea agreement, the District Court asked Perez:

> Q: Mr. Perez, did you hear the Assistant U.S. Attorney go over those? Did you hear her summarize the Plea Agreement?
> A: Yes.
> Q: And you understand the possible consequences of your plea?
> A: Yes.

(App. 23.) The plea colloquy further included a lengthy discussion specifically regarding the waiver of appellate rights contained in the agreement.

In imposing the sentence, the District Court ordered that Perez pay restitution and set forth the restitution in the judgment. We conclude that the appellate waiver, included in Perez's plea agreement, applies to the District Court's restitution order, a component of his sentence. See Leahy, 438 F.3d at 333. By waiving his right to appeal his criminal sentence, Perez waived his right to appeal the restitution order.

Other courts have held that a defendant who knowingly and voluntarily waives his right to appeal his sentence, has waived the

5

right to appeal a restitution order. See, e.g., United States v. Cooper, 498 F.3d 1156 (10th Cir. 2007) (dismissing appeal of restitution order where defendant had signed an appeal waiver because the plea agreement made clear that restitution award was part of his sentence); United States v. Cohen, 459 F.3d 490, 497 (4th Cir. 2006) ("In sum, we conclude that, as a general rule, a defendant who has agreed '[t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed,' . . . has waived his right to appeal a restitution order."); United States v. Sharp, 442 F.3d 946, 948, 952 (6th Cir. 2006) (finding that defendant waived right to appeal restitution order where defendant waived right "to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally," but reserved right to appeal punishment in excess of statutory maximum and upward departure from applicable sentencing guidelines range).[2]

Finally, we conclude that Perez's Sixth Amendment argument, that the District Court's restitution order was unconstitutional because of judicial fact-finding, is meritless. In Leahy, we held that "restitution . . . is not the type of criminal punishment that evokes Sixth Amendment protection under Booker . . . [and] the amount a defendant must restore to his or her victim

---

[2] We note that other circuits have held that appellate waiver provisions in a plea agreement do not include the waiver of the right to appeal a restitution order. See United States v. Sistrunk, 432 F.3d 917, 918 (8th Cir. 2006) (finding restitution order was beyond scope of waiver of appeal where provision provided that defendant waived his rights to appeal if sentence was above specific offense level); United States v. Zink, 107 F.3d 716, 718 (9th Cir. 1997) (plea agreement's waiver of right to appeal any sentence within statutory maximum which lacked any reference to restitution only referred to sentences calculated under the Sentencing Guidelines); United States v. Ready, 82 F.3d 551, 560 (2d Cir. 1996) (finding defendant did not waive right to appeal restitution order where plea agreement contained ambiguity as to whether term "sentence" included restitution penalty).

6

need not be admitted by the defendant or proved to a jury beyond a reasonable doubt." 438 F.3d at 331.

For the foregoing reasons, we will affirm the District Court's judgment.