

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2009

# USA v. Montani

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2894

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Montani" (2009). *2009 Decisions*. Paper 1822.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1822

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 07-2894 / 07-3061

_____

UNITED STATES OF AMERICA,

v.

ROBERT MONTANI, Appellant in 07-2894
TONINO LABELLA, Appellant in 07-3061

_____

Appeal from the United States District Court
for the District of New Jersey
Nos. 05-cr-00087-1 / 05-cr-00087-2

(District Judge: The Honorable William J. Martini)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2009

Before: McKEE, JORDAN, and LOURIE[*], *Circuit Judges*.

(Filed: February 25, 2009)

_____

[*] Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

OPINION OF THE COURT

McKee, <u>Circuit Judge</u>,

In this joint prosecution, Robert Montani and Tonino Labella both appeal the sentence that was imposed after they pled guilty to conspiracy to commit securities and wire fraud and related offenses. For the reasons that follow, we will affirm.

**I.**

As we write primarily for the parties who are familiar with this case, a detailed discussion of the factual and procedural history is not necessary. Montani executed a plea agreement in which he "voluntarily waive[d] . . . the right to file any appeal . . . which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 20." Nevertheless, Montani now appeals the restitution that was imposed, claiming that it was not properly calculated. Our review of the validity and application of an appellate waiver is *de novo*. *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

Significantly, Montani does not argue that his waiver was unknowing or involuntary as is required for us to ignore an appellate waiver under *Khattak*. *Id*. at 563. Instead, he argues that the appellate waiver does not extend to restitution because it is not part of his "sentence." The argument is not only meritless, it is frivolous. We have previously held that "restitution is a component of a criminal sentence." *United States v. Perez* 514 F.3d 296, 298 (3d Cir. 2007). *See also, United States v. Leahy* 438 F.3d 328, 333-35 (3d Cir. 2006) (holding that restitution

2

ordered as part of a criminal sentence is a criminal penalty), *cert. denied*, 549 U.S. 1071 (2006). In *Perez*, the defendant also argued that the appellate waiver in his plea agreement did not apply to restitution. In rejecting that argument, we explained: " [b]y waiving his right to appeal his criminal sentence, Perez waived his right to appeal the restitution order." 514 F.3d at 299.

## II.

Labella's appeal is even less meritorious. He argues that his appellate waiver is not valid and its enforcement would work a miscarriage of justice because the sentencing judge *overstated* the length of the sentence he could receive. He relies on the fact that the sentencing judge as well as his own attorney informed him that the statutory maximum penalty for the crimes he was pleading guilty to was 25 years, while in reality he faced a combined maximum of only ten years. He does not, however, explain how that misstatement could possibly void his guilty plea. If the maximum sentence had been understated, there may have been an argument that his plea was not knowingly entered. That didn't happen.

Adding to the frivolity of his claim is the fact that during his sentencing hearing, both Labella and his attorney repeatedly indicated that all parties were in agreement that the maximum combined sentence was ten years, and not 25 as previously stated.

A defendant may withdraw a guilty plea after it has been accepted and before a sentence has been imposed "if the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). *See also*, *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). Thus, even assuming that the erroneous information could somehow invalidate his plea, Labella still had ample opportunity to withdraw his guilty plea before he was sentenced.

Since the waiver that Labella agreed to is enforceable, his remaining arguments regarding

3

sentencing error by the district court are waived, and need not be considered.  We also decline to consider Labella's claim of ineffective assistance of counsel as such claims should ordinarily be raised in a collateral proceeding under 28 U.S.C. § 2255.  *United States v. Olivia*, 46 F.3d 320, 325 (3d Cir. 1995).

**III.**

For all of the above reasons, we will affirm the orders of the judgment of sentence in both cases.