

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-2-2009

# USA v. Zander

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Zander" (2009). *2009 Decisions*. Paper 1600.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1600

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3333

UNITED STATES OF AMERICA

v.

BEN ZANDER,
                                                          Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 05-cr-00683)
District Judge: The Honorable Anne E. Thompson

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2009

Before: BARRY, WEIS, and ROTH, Circuit Judges

(Opinion Filed: April 2, 2009)

OPINION

BARRY, Circuit Judge

Despite his waiver of appeal, Ben Zander challenges the District Court's judgment

of sentence, specifically its order of restitution in the amount of $24,678,000.66. We will

enforce the waiver and affirm the judgment of the District Court.

## I.

Zander was charged in a one-count information with being an accessory after the fact to mail fraud, in violation of 18 U.S.C. § 3, and pled guilty on September 22, 2005, pursuant to a plea agreement.

The underlying charge stemmed from Zander's role as counsel to Meridian Benefits, Inc. ("Meridian"), a third-party administrator of health insurance plans that was, in significant part, a scheme to benefit its founder, Donald Ruth. Unlike Ruth, Zander neither conceived of nor implemented the insurance scheme, but did assist in its perpetuation. Zander falsely assured Meridian clients and health-care providers that, despite evidence of coverage and payment irregularities, Meridian was well-funded and carried all necessary reinsurance. Zander also falsely responded to state agency inquiries regarding the legality of Meridian's business practices, thus prolonging the scheme.

In reality, Meridian lacked reinsurance and was undercapitalized. It could not pay its expenses without a steady stream of new clients, which it became unable to attract as it failed to pay treatment providers who, in turn, refused to accept Meridian insurance. Inevitably, Meridian filed for bankruptcy. The insurance scheme caused clients, treatment providers, and many others to suffer losses totaling $24,678,000.66.

At sentencing, the District Court accepted the United States Sentencing Guidelines calculations in the plea agreement, thereby arriving at a total offense level of sixteen and

an advisory guidelines range of twenty-one to twenty-seven months.  The Court imposed

a twenty-one month sentence, and issued an order of restitution holding Zander jointly

and severally liable, with Ruth, for the entire loss.  Zander objected to the order of

restitution, and filed a motion under Federal Rule of Criminal Procedure 35(a) seeking

correction of a "technical[] or other error" in the sentence.[1]  He argued, inter alia, that

because he played a lesser role than Ruth in the insurance scheme, he should not be

responsible for the full amount of the loss.  The Court denied the motion, stating, "I'm

sympathetic with [defendant's] circumstances, but I think the Mandatory Victim

Restitution Act would require me to impose upon him the full amount of the restitution,

and that figure is now the $24 million figure."  (Appendix at 150.)  Zander appeals,

arguing that his plea agreement set restitution at a much lower amount, and that the Court

misunderstood its discretion under the Mandatory Victim Restitution Act ("MVRA"). *See*

U.S.C. §§ 3663A, 3664(h).

## II.

Zander's plea agreement reads, in part, that he "knows that he has, and . . .

voluntarily waives, the right to file any appeal . . . which challenges the sentence imposed

by the sentencing [C]ourt if that sentence falls within or below the [agreed upon]

Guidelines range."  (Appendix at 169.)   "[I]t is incumbent upon the government to

---

[1] Although the motion was filed on June 23, 2006, it was not addressed by the District
Court until October 15, 2007, after the Court received notice that Zander's appeal had
been stayed pending resolution of the motion.

invoke the waiver's applicability in the first instance," *United States v. Goodson*, 544 F.3d 529, 534 (3d Cir. 2008), which it has done here. Once invoked, the defendant is "afforded the opportunity to respond in his reply brief to the government's contention that the waiver is enforceable and warrants dismissal of the appeal." *Id.* at 535.

Generally, "waivers of appeals, if entered into knowingly and voluntarily, are valid," *United States v. Khattack*, 273 F.3d 557, 562 (3d Cir. 2001), and will be enforced unless doing so would work a "miscarriage of justice," *id.* *See United States v. Perez*, 514 F.3d 296, 299 (3d Cir. 2007) (holding that defendant who knowingly and voluntarily waives his right to appeal his sentence likewise waives the right to appeal an order of restitution). Zander contends that his waiver was unknowing because it was not specifically addressed by the District Court during the plea colloquy, contrary to the express language of Federal Rule of Criminal Procedure 11(b)(1)(N). "Our inquiry is not limited, however, to whether there was a technical violation of Rule 11." *Goodson*, 544 F.3d at 540. Instead, we must determine whether Zander "has demonstrated that the deficient colloquy affected his substantial rights by precluding him from knowing of and understanding the significance of the binding appellate waiver in the plea agreement." *Id.* In making that determination, "we consult the 'whole record,'" *id.*, particularly evidence of the defendant's education level, *see id.* at 541 (holding that college-educated defendant who participated in complex financial fraud knowingly waived his appellate rights despite Rule 11 deficiency). Zander's argument that he failed to understand the appellate waiver

lacks credibility when considered in light of his extensive legal background. A Rule 11 error does not negate the fact that he was an accomplished and experienced lawyer before his involvement with Meridian. *See id.* at 541.[2]

Zander further contends that because the District Court's order of restitution was a material violation of his plea agreement, enforcement of the appellate waiver would work a miscarriage of justice. While we agree that a waiver should not be construed to bar an appeal if a district court imposes a sentence "that violates a material term of [a] plea agreement," *United States v. Teeter*, 257 F.3d 14, 25 n.10 (1st Cir. 2001), that is not what occurred here. The agreement specifically states that Zander must pay "disgorgement of $444,413, representing fees paid to him in return for his role in the mail fraud offense" and that the payment will be "used for restitution to participant victims." (Appendix at 165.) Seizing on that language, Zander argues that the agreement limited his restitution to $444,413. His argument confuses disgorgement, which is the forfeiture of ill-gotten gains, with restitution, which is "a restorative remedy that compensates victims," *United States v. Leahy*, 438 F.3d 328, 338 (3d Cir. 2006) (*en banc*), for the "full amount of each

---

[2] The District Court did, however, inform Zander that he had a right to appeal in its comments following the imposition of his sentence. In *Khattak,* we left open the possibility that, in extraordinary cases, such "post-sentencing remarks suggesting rights other than those specified in the [waiver] agreement" may "render an otherwise valid waiver unenforceable," *see* 273 F.3d at 563 & n.7, but this is not such a case. Zander knew that he was being sentenced pursuant to his guilty plea, and that his plea agreement contained a waiver of his right to appeal. The Court's statement, boilerplate following the imposition of sentence where there has been no waiver of appeal, did not suggest that the terms of Zander's plea agreement were being modified.

victim's loss," 18 U.S.C. § 3664(f)(1)(A). *See Leahy*, 438 F.3d at 337-38. Where the victims' collective losses exceed the defendant's ill-gotten gains, the amount of restitution will likewise exceed the amount of disgorgement. That is precisely what happened here – a consequence that was envisioned by the plea agreement which states, "Zander acknowledges that he is responsible for restitution to the participants in Meridian['s] . . . health benefit plan who were defrauded of approximately $14,000,000 as a result of the offense of conviction . . . ." (Appendix at 165.)[3] The agreement also indicates that the District Court "*must* order . . . Zander to pay restitution pursuant to 18 U.S.C. §§ 3663A, *et seq*." (*Id.* at 164) (emphasis added).[4] The fact that it did so was not a miscarriage of justice.

Alternatively, Zander asserts that the District Court erred by failing to recognize its discretion under 18 U.S.C. § 3664(h) to "apportion liability among [co-]defendants to reflect the level of contribution to the victim[s'] loss . . . ."[5] He is correct. Because

---

[3] At the time of the plea agreement, the losses were approximated because Meridian's bankruptcy trustee had not yet determined their full extent.

[4] Zander contends that 18 U.S.C. § 3 caps his restitution responsibility at one-half of Ruth's responsibility. Section 3 states only that, "an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment . . . or fined not more than one half of the maximum fine prescribed for the punishment of the principal, or both . . . ." It does not limit the restitution that can be imposed against accessories after the fact.

[5] An order of restitution under the MVRA is issued and enforced in accordance with 18 U.S.C. § 3664. *See* 18 U.S.C. § 3663A(d). Section 3664(h) reads, in full:

If the court finds that more than 1 defendant has contributed to the loss of a

– 6 –

Zander was involved in a crime of fraud, the MVRA applies, and the Court *must* order restitution, 18 U.S.C. § 3663(c)(1)(A)(ii), but full restitution is not automatic, *id.* at § 3664(h). *See United States v. Sensmeier*, 361 F.3d 982, 990 (7th Cir. 2004) ("When there is more than one defendant [who] has contributed to the loss of a victim, district courts enjoy the option of either imposing full liability on each defendant or apportioning the liability among the defendants to reflect the culpability . . . of each"). The Court, therefore, can (and did) impose full restitution, but, contrary to its interpretation of the MVRA, was not required to do so. A waiver of the right to appeal, however, "includes a waiver of the right to appeal blatant error," unless that error amounts to a miscarriage of justice. *Khattak*, 273 F.3d at 562 (quoting *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999)). We have stated that the miscarriage of justice exception will be "applied sparingly and without undue generosity," *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (quoting *Teeter*, 257 F.3d at 26), and only in "unusual circumstance[s]," *Khattak*, 273 F.3d at 562. Those circumstances include a sentence based on an unconstitutional factor, or a sentence eclipsing the statutory maximum, *see Teeter,* 257 F.3d at 25, and not the "garden-variety claims of error" present in this case. *See id.* at 26.

---

victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and [the] economic circumstances of each defendant.

**III.**

Accordingly, we will enforce the appellate waiver and affirm the judgment of the District Court.