NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1284
_____

UNITED STATES OF AMERICA

v.

SEAN E. JELEN,
            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:16-cr-00156-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 6, 2024

Before: HARDIMAN, SCIRICA, and SMITH, *Circuit Judges*,

(Filed: February 20, 2024)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Sean Jelen appeals the District Court's judgment of sentence as to its restitution and forfeiture orders. Because Jelen's plea agreement contained a waiver of appellate rights and we perceive no miscarriage of justice in enforcing his bargain, we will affirm.

I[1]

While CEO of Valor Federal Credit Union and after his termination, Jelen engaged in a variety of fraudulent activities. He abused his position to circumvent the credit union's financial controls, obtain insurance payments and proceeds, and forge documents he then used to: (1) obtain and later increase a line of credit so he could purchase a vacation home; (2) divert a company donation intended for a local soup kitchen to pay for personal sponsorship of his alma mater's golf tournament; and (3) pay for his personal debts, personal furniture, and his wife's birthday party. Jelen pleaded guilty to a two-count Information charging him with bank fraud and attempted bank fraud in violation of 18 U.S.C. §§ 1344 and 1349. The Information also contained forfeiture allegations for the vacation home.

Jelen's plea agreement addresses loss, restitution, and forfeiture. The agreement provides: (1) Jelen and the Government agree "the amount of loss resulting from the [] bank fraud activities [was] more than $200,000 but less than $500,000," App. 33;

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review in determining whether Jelen raises issues on appeal that fall within the scope of the plea agreement's appellate waiver and whether the waiver should be enforced. *United States v. Icker*, 13 F.4th 321, 326 (3d Cir. 2021).

(2) Jelen must "make full restitution as may be determined by the Court," *id.*; and (3) the amount of mandatory restitution ordered might differ from the loss amount used to calculate his Guidelines range. Jelen also stipulated to: (1) forfeiture of the vacation home unless both parties subsequently agreed to a substitute amount of money in lieu of this forfeiture; and (2) "[w]aiver of the right to appear and contest any portion of the forfeiture proceedings," App. 25.

As Jelen concedes, the plea agreement also contained a waiver of appellate rights precluding a challenge to his conviction and sentence on "any and all possible grounds," and Jelen was so advised during his guilty plea colloquy. App. 40–41. The appellate waiver did not include any exceptions for challenges to the Court's restitution or forfeiture orders. App. 23, 30–33; *see United States v. Perez*, 514 F.3d 296, 299 (3d Cir. 2007) (a waiver of right to appeal sentence bars appeal of the restitution order); *United States v. Damon*, 933 F.3d 269, 273 (3d Cir. 2019) (waiver of sentencing appeals "can only reasonably be read to include all forms of punishment or penalties imposed on a defendant" and forfeiture is within the common understanding of the term "sentence").

As part of its sentence, the District Court ordered that Jelen pay $694,971.88 in restitution—$102,625.18 to the credit union and $592,346.70 to the credit union's insurer—as well as forfeit his vacation home.

## II

Jelen makes three related arguments challenging the restitution and the forfeiture orders: (1) the District Court exceeded its authority by imposing improper restitution in the form of consequential damages; (2) forfeiture of his vacation home violates the

3

Eighth Amendment's ban on excessive fines because it was duplicative of restitution and the forfeiture order did not comply with Rule 32.2 of the Federal Rules of Criminal Procedure; and (3) enforcement of the appellate waiver in his plea agreement would result in a miscarriage of justice. Jelen Br. 10–11. The Government responds that Jelen's sentence should be affirmed because Jelen's appeal falls within his enforceable waiver of appeal rights and Jelen cannot show any manifest injustice. Gov't Br. 24. We agree with the Government.

Jelen invokes the "miscarriage of justice" exception to enforcing appellate waivers,[2] claiming it applies when "questions arise as to the fairness of a sentencing proceeding." Jelen Br. 13. This exception is applied "sparingly and without undue generosity." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). And Jelen fails to identify any instance of unfairness in the proceedings before the District Court, particularly in light of the specifics of this plea agreement, and because his challenges amount to claims of ordinary error.

Citing *United States v. Simmonds*, 235 F.3d 826 (3d Cir. 2000), Jelen argues that the District Court exceeded its authority by including in its restitution judgment an amount of attorney fees and investigation costs, which he claims were improper collateral damages and unsupported by any factual findings. Jelen Br. 15–16. He cites to $46,244.18 out of the $694,971.88 ordered as restitution. We disagree.

---

[2] We may enforce the plea agreement's appellate waiver because Jelen entered into the agreement and entered his guilty plea knowingly and voluntarily. *United States v. Khattack*, 273 F.3d 557, 562 (3d Cir. 2001).

It is not manifestly unjust to enforce Jelen's appellate waiver to preclude him from challenging the amount entered by the District Court for several reasons. First, the Amended Presentence Report (PSR) detailed losses to both the credit union and its insurer caused by the fraud and classified the $46,244.18 as "audit expenses." PSR (Third Add.) at 1–2; *see, e.g.*, *Lagos v. United States*, 584 U.S. 577, 579 (2018) ("expenses incurred during participation in the investigation and prosecution of the offense" are properly part of restitution) (quoting 18 U.S.C. § 3663A(b)(4)) (emphasis omitted). Second, although the record does not disclose whether the expenses were incurred by the employer at the Government's behest, Jelen made no objection at sentencing to the amount ordered. Third, the dispute over the amount assessed is qualitatively different than what we have upended in other cases. *See, e.g., United States v. Yung*, 37 F.4th 70, 82–83 (3d Cir. 2022) (not enforcing appellate waiver when restitution ordered was to a party neither a victim nor suffering damages). And finally, this raises a factual dispute. *See, e.g., United States v. Icker*, 13 F.4th 321, 326 n.3 (3d Cir. 2021) (not enforcing waiver because the error was grave, imposed on defendant a burdensome obligation, and involved no issue of fact).

Jelen also challenges the forfeiture order that relinquishes his vacation home— which he obtained through use of his ill-gotten lines of credit. He contends that the forfeiture violated the Eighth Amendment's Excessive Fines Clause and was entered at the wrong time.

Relying on *United States v. Bajakajian*, 524 U.S. 321 (1998), Jelen claims that the forfeiture of his vacation home is disproportionate to his offense when considered with

the restitution order imposed. Jelen Br. 19–20. We are not persuaded. First, Jelen agreed to forfeit this property to the Government. And he acknowledged the District Court's discretion to determine the amount of restitution to be paid to his victims—restitution which was mandatory and supported by the detailed findings adopted by the District Court without objection. Moreover, restitution is different from forfeiture. *See* 18 U.S.C. §§ 3663A, 3664(f)(1)(A); *United States v. Various Computs. & Comput. Equip.*, 82 F.3d 582 (3d Cir. 1996) (restitution mandatory as is forfeiture). Finally, *Bajakajian* dealt with the forfeiture of U.S. currency as "proceeds of legal activity," 524 U.S. at 338, whereas here the forfeited property was obtained via Jelen's admittedly ill-gotten lines of credit. Moreover, the plea agreement stipulated to this forfeiture, and the forfeiture was subject to the express "waiver" in the agreement "of [his] right to appear and contest any portion of the forfeiture proceedings," App. 24–25. So Jelen cannot show any manifest injustice resulting from the enforcement of the waiver of his right to appeal the forfeiture order. Jelen's attempt to further challenge the agreed-to order of forfeiture based on when the District Court entered it similarly falls flat.

*        *        *

For these reasons, we conclude that Jelen's appeal falls within the appellate waiver of his plea agreement, and he fails to show any "miscarriage of justice" in its enforcement. We will affirm the District Court's judgment, including its restitution and forfeiture orders.