**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ADRIAN COOPER,

      Defendant - Appellant.

No. 06-6309

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 05-CR-214-T)**

---

Submitted on the briefs:[*]

Scott E. Williams, Assistant United States Attorney (and John C. Richter, United States Attorney, on the brief), Oklahoma City, Oklahoma, for Plaintiff - Appellee.

Susan M. Otto, Federal Public Defender, Oklahoma City, Oklahoma, for Defendant - Appellant.

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause therefore is ordered submitted without oral argument.

**KELLY,** Circuit Judge.

Defendant-Appellant Adrian Cooper seeks to appeal the restitution award imposed by the district court and its decision to require Mr. Cooper to submit a DNA sample as a condition of supervised release. Specifically, Mr. Cooper argues that the government failed to produce sufficient evidence to prove that Joshua Kuhn was a "victim" of Mr. Cooper's related conduct, and that the total restitution award should be reduced by $135,000 as a result. Mr. Cooper also argues that the condition of supervised release violates the Fourth Amendment, given that he is a first-time offender convicted of non-violent crimes. The government responds that Mr. Cooper's entire appeal is barred by the waiver of the right to appeal contained in his plea agreement. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we conclude that both of Mr. Cooper's challenges fall within the scope of the waiver and, accordingly, we dismiss his appeal.

## Background

On November 16, 2005, a grand jury issued a nineteen-count indictment against Mr. Cooper charging him with securities fraud, wire and mail fraud, money laundering, and the use of false social-security numbers. R. Doc. 1. The charges stemmed from several schemes created by Mr. Cooper to defraud investors while he worked as a stock broker at Merrill Lynch and to defraud real

estate investors and other investors independent of his employment at Merrill Lynch. On March 27, 2006, Mr. Cooper pled guilty to Count 1 (securities fraud) and Count 4 (money laundering) pursuant to a negotiated plea agreement with the government. R. Docs. 23 & 24. The indictment described in detail the victims of the acts that formed the basis for Counts 1 and 4. The indictment did not list Mr. Kuhn as a victim of either count.

The plea agreement stated:

> [T]he Court must order the payment of restitution to the victims of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from the defendant's plea, the Court will enter an order of restitution for all losses caused to the victims of the defendant's relevant conduct[1] determined by reference to the United States Sentencing Guidelines.

R. Doc. 23 at 2-3. The plea agreement also contained a waiver of the right to appeal, in which Mr. Cooper agreed to:

> . . . knowingly and voluntarily waive[] his right to appeal, collaterally challenge, or move to modify . . . [his] guilty plea and any other aspect of his conviction . . . [and the] sentence as imposed by the Court and the manner in which the sentence is determined . . . .

Id. at 5.

According to the pre-sentence report (PSR), Mr. Cooper's relevant conduct included $200,000 in related fraud against Mr. Kuhn. Of this amount, the PSR

---

[1] The Mandatory Victims Restitution Act states that "[t]he court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense [of conviction]." 18 U.S.C. § 3663A(a)(3).

concluded that Mr. Cooper still owed Mr. Kuhn $135,000. Mr. Cooper objected to the $135,000 figure because Mr. Kuhn possessed a fourth-in-line mortgage on Mr. Cooper's house and could possibly recover the entire amount upon foreclosure. The district court overruled Mr. Cooper's objection.

On September 18, 2006, the district court sentenced Mr. Cooper to serve 75 months' imprisonment. It also ordered Mr. Cooper to pay restitution to various victims in the total amount of $968,656, which included $135,000 in restitution to Mr. Kuhn. The district court also imposed, as a condition of Mr. Cooper's supervised release, that he "cooperate in the collection of DNA as directed by the probation officer." R. Doc. 43, at 3.

## Discussion

Waivers of the right to appeal are generally enforceable. See United States v. Gordon, 480 F.3d 1205, 1207 (10th Cir. 2007). "Consequently, before reaching the merits of this appeal, we must determine whether such review is precluded by the waiver." Id. First, we determine "whether the disputed appeal falls within the scope of the waiver of appellate rights." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004). If the appeal does not fall within the scope of the waiver, our analysis ends and we proceed to the merits. If the appeal is within the scope of the waiver, we must next determine "whether the defendant knowingly and voluntarily waived his appellate rights," and "whether enforcing the waiver would

result in a miscarriage of justice . . . ." Id.

As we have stated frequently, plea agreements are governed by contract principles. Gordon, 480 F.3d at 1207 (citing United States v. Rockwell Int'l Corp., 124 F.3d 1194, 1199 (10th Cir. 1997)). One consequence is that any ambiguities in a plea agreement are construed against the government. Id. (citing Restatement (Second) of Contracts § 206 (1981) for the doctrine of contra proferentem). Thus, in determining the scope of Mr. Cooper's waiver, we will construe all ambiguities in the agreement against the government and in favor of Mr. Cooper.

In this case, Mr. Cooper agreed to a broad waiver of appellate rights. Essentially, Mr. Cooper agreed to waive two things: (1) his right to challenge his "guilty plea and any other aspect of his conviction," and (2) his right to challenge the "sentence as imposed by the Court and the manner in which the sentence is determined." R. Doc. 23, at 5. Mr. Cooper does not challenge the fact of his guilt, so the first waiver is not implicated. The second waiver is implicated, however, and the government argues that Mr. Cooper's challenge to the restitution award falls within the scope of his waiver of the right to challenge his "sentence as imposed by the Court."

We have yet to determine whether a general waiver of the right to appeal a "sentence" necessarily includes a waiver of the right to appeal all restitution

awards. A majority of our sister circuits have concluded that such language does not include a general waiver of the right to appeal a restitution award. See United States v. Sistrunk, 432 F.3d 917, 918 (8th Cir. 2006); United States v. Smith, 344 F.3d 479, 483 (6th Cir. 2003); United States v. Behrman, 235 F.3d 1049, 1052 (7th Cir. 2000); United States v. Zink, 107 F.3d 716, 717-18 (9th Cir. 1997); United States v. Ready, 82 F.3d 551, 560 (2d Cir. 1996); but see United States v. Cohen, 459 F.3d 490, 497 (4th Cir. 2006). In this case, however, the plea agreement makes clear that the parties considered a restitution award for victims of Mr. Cooper's related conduct to be part of his "sentence." The plea agreement expressly and unambiguously states: "[T]he parties further agree that, as part of the sentence resulting from the defendant's plea, the Court will enter an order of restitution for all losses caused to the victims of the defendant's relevant conduct . . . ." R. Doc. 23 at 2-3 (emphasis added). The parties agree that this provision of the plea agreement formed the basis of the district court's $135,000 restitution award to Mr. Kuhn. Accordingly, Mr. Cooper's challenge to the amount of restitution awarded to Mr. Kuhn clearly falls within the scope of his waiver of the right to appeal.

Similarly, Mr. Cooper's challenge to the condition of supervised release is also clearly part of his "sentence" and is thus barred by his waiver of the right to appeal. See United States v. Sandoval, 477 F.3d 1204, 1207 (10th Cir. 2007) (noting that a condition of supervised release is part of the "sentence" imposed);

see also 18 U.S.C. § 3583(a) (authorizing a district court to impose a term of supervised release "as a part of the sentence"). While we would normally proceed to determine whether Mr. Cooper's waiver was knowing and voluntary and whether enforcement of the waiver would result in a miscarriage of justice, Mr. Cooper does not raise these arguments in his brief and we deem them waived. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

Nevertheless, Mr. Cooper argues that his challenge to the restitution award should survive the waiver of the right to appeal because it constitutes a challenge to the legality of the restitution award. See Gordon, 480 F.3d at 1210. The exception created by Gordon however, is extremely narrow and applies only in the case where there is no factual dispute as to the amount of restitution linked to an offense and the legality of the district court's restitution award can therefore be reviewed solely as a question of law. Id. at 1209 n.4. In this case, Mr. Cooper raises a factual challenge to the restitution award, arguing that the government failed to produce sufficient evidence to prove that Mr. Kuhn was a victim of Mr. Cooper's related conduct because Mr. Kuhn possessed a fourth-in-line mortgage on Mr. Cooper's house from which he might recover some of his losses. See Aplt. Br. at 9-10. Indeed, Mr. Cooper's own appellate brief characterizes his challenge as factual in nature: "[Mr. Cooper] presented a timely challenge to the inclusion of [Mr. Kuhn] who claimed losses associated with his conduct. Mr. Cooper stated a factual basis for his challenge. The United States did not rebut

the factual assertion presented . . . and did not present additional evidence for the sentencing court's consideration." Aplt. Br. at 10 (emphasis added). A challenge to the amount of a restitution award based on sufficiency of the evidence is necessarily based on disputed facts and thus does not fall within the Gordon exception. Accordingly, it is clearly barred by a general waiver of the right to appeal a restitution award.

DISMISSED.