**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUANITA ROIBAL-BRADLEY,

    Defendant - Appellant.

Nos. 17-2042 & 17-2114
(D.C. No. 1:15-CR-03253-JB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

    Juanita Roibal-Bradley pled guilty to Social Security fraud and wire fraud.

The district court sentenced her to 37 months in prison and ordered her to pay

$128,771.35 in restitution to the victims of her wire fraud offense.  In these

consolidated appeals, she seeks to overturn the restitution order,[1] even though her

_____

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In her docketing statement, Roibal-Bradley indicated that she might also appeal whether she received effective assistance of counsel at all stages of the proceedings and whether the district court correctly applied the sentencing guidelines.  We focus on the restitution question because her response to the government's motion to enforce does not even mention these other issues.

plea agreement contained a broad waiver of her appellate rights—including her right to appeal "any order of restitution entered by the" district court.  R., Vol. I at 35. The government moves to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  We grant the government's motion and dismiss the appeal.

*Hahn* instructs us to enforce appeal waivers as long as three conditions are met:  (1) the matter on appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived her appellate rights; and (3) enforcing the waiver will not result in a miscarriage of justice.  *Id.* at 1325.  Roibal-Bradley does not challenge the first two conditions; instead, she argues that the restitution order violates the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, such that enforcing the waiver would result in a miscarriage of justice.  We agree with the government that all three conditions are satisfied.

First, the restitution order falls squarely within the scope of the "Waiver of Appeal Rights" in the plea agreement, which provides:

> [T]he Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, *as well as any order of restitution entered by the Court*.  In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

R., Vol. I at 35 (emphasis added). This waiver also encompasses the other potential issues to be raised on appeal that are identified in Roibal-Bradley's docketing statement.

Second, Roibal-Bradley knowingly and voluntarily waived her appellate rights. Her plea agreement contains knowing and voluntary language, and the district court ensured during the plea colloquy that Roibal-Bradley understood her plea agreement as a whole and her appellate waiver in particular. *See United States v. Cudjoe*, 634 F.3d 1163, 1166 (10th Cir. 2011) ("In evaluating whether an appeal waiver was knowing and voluntary, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily and we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." (internal quotation marks omitted)).

That brings us to the third *Hahn* condition. To determine whether enforcing the waiver would result in a miscarriage of justice, we examine (1) whether the district court relied on an impermissible factor such as race; (2) whether ineffective assistance of counsel in negotiating the waiver makes the waiver invalid; (3) whether the sentence exceeds the statutory maximum; and (4) whether the waiver is otherwise unlawful. *Hahn*, 359 F.3d at 1327. Roibal-Bradley invokes the third factor, arguing that the district court exceeded its statutory authority under the MVRA when it entered the restitution order. We disagree.

The restitution order requires Roibal-Bradley to compensate the victims of her wire fraud offense for losses they sustained because of her crime. Roibal-Bradley

3

admitted that while she was suspended from practicing law, she contracted to provide legal services to an estate and unlawfully withdrew more than $250,000 of the estate's assets for her own use. She repaid this money to the estate's intended beneficiaries pursuant to an order of the Disciplinary Board of the State of New Mexico. However, the victims sustained additional losses that were not covered by that disciplinary order: they paid a contingency fee of $128,771.35 to a research firm that investigated and assisted in the recovery of their inheritance money. (The research firm, in turn, hired a law firm and paid for the law firm's services out of the contingency fee.) The restitution order covers this expense.

The district court did not exceed its statutory authority in the restitution order; to the contrary, it was both authorized and required to include this amount. The procedure for issuing and enforcing restitution orders is outlined in 18 U.S.C. § 3664. That statute references the district court's "discretion in fashioning a restitution order" and authorizes it to determine each victim's losses. *Id.* § 3664(a), (f)(1). It also provides that "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." *Id.* § 3664(e). In addition, § 3663A provides for mandatory restitution for victims of certain crimes, including "any offense committed by fraud or deceit." *Id.* § 3663A(c)(1)(A)(ii). Reimbursable costs and expenses include "other expenses incurred during participation in the investigation or prosecution of the offense." *Id.* § 3663A(b)(4). When calculating restitution, the district court can compensate victims only for actual losses that were proximately caused by the defendant. *See id.* § 3663A(a)(2)

(defining "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered"); *see also United States v. Gordon*, 480 F.3d 1205, 1210 (10th Cir. 2007) (explaining that the statutory maximum on the amount of restitution is "the amount causally linked to the offense of conviction").

In a thorough and well-reasoned order, the district court applied these principles and concluded that Roibal-Bradley's behavior was the proximate cause of $128,771.35 in actual losses to her victims. Roibal-Bradley seeks to challenge that amount on appeal, even though she conceded before the district court that some expenses incurred in investigating her offense were recoverable. She intends to argue that the victims' losses were not foreseeable or proximately caused by her; likewise, they were not necessary to the investigation of her crime or the recovery of any losses.

Where, as here, an appeal "merely challenges the district court's factual calculation of the amount of restitution linked to an offense," it is barred by a general waiver of the right to appeal the restitution order. *Gordon*, 480 F.3d at 1209 n.4; *see also United States v. Cooper*, 498 F.3d 1156, 1160 (10th Cir. 2007) ("A challenge to the amount of a restitution award based on sufficiency of the evidence is necessarily based on disputed facts . . . [and] is clearly barred by a general waiver of the right to appeal a restitution award."). Enforcing the waiver would not result in a miscarriage of justice.

5

For these reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. We deny as moot the government's motion to dismiss this appeal on the ground that Roibal-Bradley's notice of appeal was untimely.

Entered for the Court
Per Curiam

6