**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHELTON WILLIAMS,

    Defendant - Appellant.

No. 20-4022
(D.C. No. 4:18-CR-00036-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EBEL**, and **EID**, Circuit Judges.
_____

Defendant-Appellant Shelton Williams pled guilty to four counts of pharmacy

burglary.  At sentencing, the district court ordered Williams to pay restitution for an

additional six uncharged pharmacy burglaries.  Williams failed to object at the time,

but now argues that the district court plainly erred in imposing restitution for

uncharged burglaries for which he now alleges there was insufficient evidence in the

record to support.  The government responds that Williams' appeal is barred by the

appeal waiver contained in his plea agreement.  We agree.  Exercising jurisdiction

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we dismiss this appeal.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

Williams, a member of the Insane Crips gang, was part of a crew of Insane Crips burglarizing pharmacies in California, Nevada, and Utah in order to steal opioids.  Following an FBI investigation, Williams was arrested and charged with numerous pharmacy burglaries.

Eventually, Williams accepted a plea agreement in which he pled guilty to four counts of pharmacy burglary and one count of conspiracy to distribute a controlled substance.  The plea agreement contained an appeal waiver, as well as an agreement that Williams would pay mandatory restitution, plus restitution to "victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663A(a)(3)." (R., vol. I, at 48–49.)  The plea agreement did not specify any such victims or any such relevant conduct.

Following Williams' plea, the U.S Probation Office prepared a Presentence Report (PSR) to aid the district court in sentencing.  The PSR stated that Williams had participated in post-arrest interviews with the FBI and admitted to committing an additional six uncharged burglaries, and that in his plea agreement he had agreed that relevant conduct, including uncharged conduct, would be included in the PSR and that the court would order restitution.  Accordingly, the PSR included the six uncharged burglaries in its calculation of restitution.  Williams did not object to the PSR.

At the sentencing hearing, the parties did not discuss restitution. Ultimately, the district court imposed the full restitution amount calculated in the PSR. Williams did not object.

## II.    Discussion

On appeal, Williams argues that the district court plainly erred in ordering restitution for the six uncharged pharmacy burglaries "without support in the record" that Williams committed those burglaries. (Aplt. Br. 14.) In response, the government maintains that Williams' argument is precluded by his plea-agreement appeal waiver. Accordingly, before we may consider the merits of Williams' argument, we must determine whether the appeal waiver bars such review. We conclude that it does.

Waivers of the right to appeal are generally enforceable. United States v. Hahn, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). To determine whether an appeal waiver precludes review of an appeal, this Court employs a three-prong inquiry: (1) whether the disputed appeal falls within the scope of the appeal waiver; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. Id. at 1325. Whether an appeal waiver is enforceable is a question of law this Court considers de novo. United States v. Lonjose, 663 F.3d 1292, 1297 (10th Cir. 2011).

Here, the dispute turns on the first prong—whether Williams' restitution challenge falls within the scope of his appeal waiver. That waiver provides:

> I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.

(R., vol. I, at 48.) The waiver later notes that the term "sentence" includes "any orders of restitution." (Id. at 49.)

The parties apparently agree that this waiver would preclude Williams' appeal unless the appeal falls within the narrow categories of appeals governed by United States v. Gordon, 480 F.3d 1205 (10th Cir. 2007).[1] In Gordon, this Court held that an appeal waiver does not waive the right to challenge an "unlawful restitution order." Id. at 1208. In that case, the defendant pled guilty to a single count of credit card fraud, and the district court ordered restitution that included amounts for other, uncharged instances of credit card fraud by the defendant. Id. at 1207. But unlike Williams here, the Gordon defendant had not agreed to pay restitution for uncharged conduct. Id. at 1211. Accordingly, despite having agreed to an appeal waiver, the

---

[1] Analysis of the waiver provision might be complicated by the fact that the government admittedly miswrote it, mistakenly including Rule 11(c)(1)(C) appeal waiver language instead of the appeal waiver language for a regular Rule 11 plea. I.e., instead of precluding appeals other than those imposing a sentence greater than that set out in the plea agreement, the waiver should have precluded appeals "with exceptions if the court imposed a sentence above the maximum penalty provided in the statute of conviction or above the high-end of the guideline range as determined by the district court at sentencing." (Aple. Br. 27 n.6.) But we need not consider the impact of the mistakenly included language because Williams agrees with the government that "the difference is immaterial for present purposes." (Reply Br. 14 n.5.) Both parties accept that the appeal-waiver issue turns solely on whether Gordon applies.

4

Gordon defendant appealed the restitution order, arguing that the district court lacked the statutory authority to order restitution for the uncharged conduct. Id. at 1207.

The Gordon court held that the defendant's appeal was not precluded by her appeal waiver, reading the waiver not to waive the right to appeal any sentence beyond that which could be lawfully imposed. Id. at 1209. Accordingly, the court concluded that the waiver did not waive the right to appeal an unlawful restitution order. Id.

Gordon might be read to suggest a broad exception to an appeal waiver, allowing a defendant to evade the waiver whenever he challenges a restitution order as unlawful. In United States v. Cooper, 498 F.3d 1156 (10th Cir. 2007), however, this Court explained that Gordon created an "extremely narrow" exception that "applies only in the case where there is no factual dispute as to the amount of restitution linked to an offense and the legality of the district court's restitution award can therefore be reviewed solely as a question of law." Id. at 1160.

In Cooper, the defendant attempted to challenge a restitution order, despite an appeal waiver, on the basis that restitution to a particular individual was improper because that individual had a claim to a mortgage on the defendant's house and could recover the money through foreclosure. Id. The Cooper court characterized that as a factual challenge "arguing that the government failed to produce sufficient evidence to prove that [the other individual] was a victim of [the defendant's] related conduct." Id. The court held that this sort of sufficiency-of-the-evidence challenge,

5

"necessarily based on disputed facts," did not fall within the Gordon exception and was thus "clearly barred" by a general appeal waiver.  Id.

Here, the dispute over whether Williams' appeal falls within the scope of his appeal waiver comes down to whether the appeal is governed by Gordon or by Cooper.  That, in turn, depends on whether the appeal presents solely a question of law versus a factual challenge based on the sufficiency of the evidence and necessarily dependent upon disputed facts.  If the former, Gordon says it is reviewable despite the waiver; if the latter, Cooper precludes review.

Naturally, the parties do not see eye-to-eye on this issue.  The government argues that Williams' appeal presents a "factual dispute concerning the district court's calculation of the restitution award, arguing that the United States failed to produce sufficient evidence to show that Williams should be held accountable for the losses in the six uncharged burglaries." (Aple. Br. 25.)  Williams responds that his appeal solely presents a question of law: whether the district court erred by imposing a restitution order after finding there was no record support for it.  Williams further notes that he does not dispute the amount of loss associated with any of the pharmacy burglaries, charged or uncharged.

Focusing on Williams' Opening Brief, we conclude that his appeal plainly presents a factual challenge based on the sufficiency of the evidence.  To start, the argument section in his brief is entitled, "It is Plain Error to Impose Restitution for an Amount for which there is no Record Basis." (Aplt. Br. 8.)  In making that argument, Williams first notes that the government bears the burden of establishing the

6

propriety of restitution by a preponderance of the evidence. Williams then reviews the evidence in the record and argues about its import, asserting that the parties and the district court all had difficulty pinpointing in the record any actual admission by Williams of his involvement regarding the uncharged burglaries.

That analysis leads Williams to assert plain error in that "[t]he district court ignored the express language of [18 U.S.C. § 3664(e)] in imposing restitution in the absence of evidence that the losses suffered in the six uncharged burglaries were 'a result of the offense' Mr. Williams committed." (Id. at 13 (emphasis added).) Williams goes on to argue that in addition to the FBI interview transcripts not providing sufficient evidence, the court could not have inferred that Williams committed the uncharged burglaries based on his admission to the charged ones. Williams concludes that "[t]he district court's restitution order with regard to the uncharged burglaries is without support in the record," (id. at 14), and that because "the record did not permit the conclusion that the losses incurred in the uncharged burglaries were attributable to Mr. Williams," the district court erred by "issu[ing] an order unsupported by the evidence," (id. at 17 (quoting United States v. Fair, 699 F.3d 508, 516 (D.C. Cir. 2012))).

That all can only be read as a factual challenge to the sufficiency of the evidence to support the district court's restitution order. As a sufficiency-of-the-evidence challenge, necessarily based on disputed facts, it is governed by Cooper, not Gordon, and Williams' appeal waiver bars review of his appeal.

7

In his Reply Brief, in response to the government's argument that Cooper precludes appeal, Williams recasts his argument as a legal one. To do so, he asserts that he does not challenge the sufficiency of the evidence but instead argues that the district court erred as a matter of law by imposing a restitution order after finding there was no record support for it. This is a not-so-subtle shift from what Williams argued in his Opening Brief. There, Williams indeed noted that the district court had commented on the difficulty in finding record support connecting Williams to the uncharged burglaries, but he offered that statement as support for his sufficiency-of-the-evidence challenge, not as the basis for a purely legal challenge to the restitution order. Nowhere in the Opening Brief does Williams argue that the district court erred as a matter of law by imposing restitution for uncharged conduct after allegedly finding insufficient evidence to prove that conduct.[2]

Instead, Williams waited to raise his new argument until his Reply Brief, and he cannot morph the factual challenge in his Opening Brief into a legal challenge in his Reply Brief in order to evade application of his appeal waiver. For these reasons, we conclude that Williams' appeal is a sufficiency-of-the-evidence challenge governed by Cooper, thus falling within the scope of his appeal waiver. See Cooper, 498 F.3d at 1160 ("A challenge to the amount of a restitution award based on

---

[2] We also note that the district court never made such a finding. Williams takes the district court's admitted difficulty in interpreting FBI interview transcripts and mischaracterizes it as an express finding that Williams did not admit to the uncharged burglaries. The court made no such a finding, but instead only questioned the parties about where to find record support. Williams cannot point to anything more definitive in the record to support his assertion of a district court "finding."

8

sufficiency of the evidence is necessarily based on disputed facts and thus does not fall within the Gordon exception. Accordingly, it is clearly barred by a general waiver of the right to appeal a restitution award.")

In addition, the government argues that the waiver was knowing and voluntary, and enforcing the waiver would not result in a miscarriage of justice. Yet the Court need not reach these issues, because Williams has waived any such consideration by inadequately presenting any argument under these prongs.

Because we conclude that Williams' appeal falls within the scope of the appeal waiver and that he has waived any other argument against enforcement of the waiver, the Court holds that his appeal is precluded by the waiver.[3] Accordingly, we dismiss this appeal.[4]

---

[3] The government additionally argued that Williams had waived any objection to the district court's restitution award by inviting any error. Because we resolve this appeal based on the appeal waiver, we need not address the government's invited-error argument.

[4] We further note that even if Williams' appeal was not precluded by his plea agreement appeal waiver, it would be waived due to Williams' failure to object to the PSR's inclusion of the uncharged burglaries. The sufficiency of the evidence to prove the uncharged burglaries is a factual dispute, and "failure to assert a factual dispute at sentencing waives the challenge because it prevented . . . the district court from resolving the fact issue." United States v. Wright, 848 F.3d 1274, 1285 (10th Cir. 2017) (omission in original) (quoting United States v. Zhou, 717 F.3d 1139, 1154 (10th Cir. 2013)). Had Williams contested the restitution order at sentencing, the district court could have asked the government for more support to establish that Williams had committed the uncharged burglaries. "By not protesting the . . . restitution amounts in the district court, [Williams] has waived them on appeal." Id. But, once again, we need not address this in detail because of Williams' overall appeal waiver.

## III. Conclusion

For the reasons provided above, we DISMISS Williams' appeal as barred by the appeal waiver contained in his plea agreement.

Entered for the Court


David M. Ebel
Circuit Judge