**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

    No. 22-7009

ANTHONY DEAN PRESTEL,

    Defendant - Appellant.

_____

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. 6:21-CR-00020-JFH-1)**

_____

Submitted on the briefs:[*]

Bretta Pirie, Assistant Federal Public Defender (Scott Keith Wilson, Federal Public Defender, and Tiffany Johnson, Research and Writing Specialist, with her on the briefs), Office of the Federal Public Defender, Salt Lake City, Utah, for Defendant-Appellant

Lisa C. Williams, Special Assistant United States Attorney (Christopher J. Wilson, United States Attorney, with her on the briefs), Office of the United States Attorney, Muskogee, Oklahoma, for Plaintiff-Appellee

_____

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

_____

Arguing that the United States District Court for the Eastern District of Oklahoma unlawfully imposed three special conditions of supervised release as part of his sentence for sexual abuse in Indian country, Anthony Dean Prestel appeals the imposition of those conditions. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm. In accordance with our decisions in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004), and *United States v. Holzer*, 32 F.4th 875 (10th Cir. 2022), we hold that Mr. Prestel waived his right to appeal the three conditions.

In July 2021 Mr. Prestel entered into a plea agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(C) providing that he would plead guilty to sexual abuse in Indian country, in violation of 18 U.S.C. §§ 1151, 1152, 2242(2)(A), and 2246(2)(A), and would receive a term of imprisonment of 300 months. The agreement did not specify the term or conditions of Mr. Prestel's supervised release. But under the heading "MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE," the agreement stated, "The defendant understands that the maximum possible penalty for Sexual Abuse in Indian Country is imprisonment for a period of Life and/or a fine of $250,000.00, *a term of supervised release of at least 5 years up to a lifetime term to be determined by the Court*, and a special assessment in the amount of $100.00 and up to $5,100." R., Vol. I at 21 (original emphasis omitted and emphasis added).

2

The agreement also contained an appellate waiver. In a section titled

"WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS," it provided, in

relevant part:

> In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate . . . terms of this agreement:
>
> a.  the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);
>
> b.  the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum.

*Id.* at 23.

The court accepted Mr. Prestel's plea and imposed the agreed-upon 300-month

sentence. It also imposed supervised release lasting throughout Mr. Prestel's life and

placed nine special conditions on this supervised release. Mr. Prestel contests three of

the special conditions:

> 4.  The defendant shall not possess or use a computer with access to any on-line computer service at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system or any other public or private network or e-mail system.
>
> 5.  The defendant shall not own or possess any type of camera, photographic device and/or equipment, including video recording equipment, without the approval of the United States Probation Officer.
>
> 6.  The defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product for sale or entertainment is available.

*Id.* at 41. He argues that the district court did not offer the on-the-record explanations

and findings required to impose conditions 4, 5, or 6; that the court did not make the

3

heightened findings required to impose conditions 4 and 6, which implicate his fundamental rights or impose occupational restrictions; that conditions 4, 5, and 6 impermissibly delegate authority to impose punishment to nonjudicial officers; and that condition 6 is void for vagueness.

The government argues that the conditions are lawful but also contends that Mr. Prestel's challenges to his conditions of supervised release are barred by the appellate waiver in his plea agreement. Mr. Prestel argues to the contrary, but we agree with the government that the appellate waiver bars his challenges.

"[W]e generally enforce plea agreements and their concomitant waivers of appellate rights." *Hahn*, 359 F.3d at 1318. We review de novo the enforceability of an appellate waiver. *See United States v. Williams*, 10 F.4th 965, 971 (10th Cir. 2021). We engage in a three-prong inquiry, asking "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. Mr. Prestel would answer no to the first two questions and yes to the third. We are not persuaded.

Mr. Prestel first argues that his waiver does not encompass his challenge to the conditions of supervised release. He relies on the language in the waiver allowing him "to appeal from a sentence which exceeds the statutory maximum." R., Vol. I at 23. He contends that because the district court failed to make the findings required to impose these conditions, it lacked the authority to impose them for any period. The

challenged conditions, imposed for life, therefore "clearly exceed the statutory maximum of zero months." Reply Br. at 4.

But this argument is foreclosed by our recent decision in *Holzer*, 32 F.4th 875. The appellate waiver in that case also granted an exception if "the sentence exceeds the maximum penalty provided in the statute of conviction." *Id.* at 882 (internal quotation marks omitted). The defendant argued that an allegedly unlawful condition of supervised release—a 15-year prohibition on possessing white-supremacist or anti-Semitic material—exceeded the statutory maximum because the restriction violated his rights under the First Amendment. We disagreed, holding that "a *condition* of release—as opposed to a *term* of release—even if it is an unreasonable one, does not exceed a statutory maximum." *Id.* at 883 (brackets and internal quotation marks omitted). We explained that "a special condition of supervised release . . . is typically not quantifiable in nature," and therefore such a condition cannot exceed a maximum, which is an expression of quantity. *Id.* at 885. We rejected the argument, which is essentially the one Mr. Prestel makes in this appeal, that "there is no real distinction between a sentence that exceeds the limits of the law and a sentence that exceeds the statutory maximum." *Id.* (internal quotation marks omitted). (Mr. Prestel does not appeal the lifetime term of his supervised release, which is quantifiable but does not exceed the maximum term, under 18 U.S.C. § 3583(k), of five years to life.) Because his conditions of supervised release do not (indeed, cannot) exceed the statutory maximum, this appeal falls within the scope of Mr. Prestel's appellate waiver.

Mr. Prestel next argues, under *Hahn*'s second prong, that his waiver was not knowing and voluntary because "a defendant may presume that any waiver would not apply to an unlawful sentence, and that a sentencing court will act lawfully in imposing a sentence." Reply Br. at 6. He relies on this court's opinion in *United States v. Gordon*, 480 F.3d 1205 (10th Cir. 2007), which said that the defendant "did not waive the right to appeal a sentence . . . beyond that which could be lawfully imposed," *id.* at 1209, and that "we should presume that all promises made were legal, and that the . . . district judge[] will act legally in executing the [plea] agreement," *id.* at 1210 (parentheses and internal quotation marks omitted). We held that the appellate waiver, which did not mention restitution, did not bar the defendant's challenge to the amount of restitution. As Mr. Prestel's Reply Brief recognizes, however, the quoted statements referred not to whether a waiver was knowing and voluntary but, rather, to the scope of the waiver. And, as we have just explained, *Holzer* governs our scope-of-waiver analysis. In any event, if interpreted broadly the quoted language in *Gordon* would override all waivers of sentencing challenges, since a challenge must be based on the assertion that the sentence was unlawful in some respect. Thus, we made clear less than six months after *Gordon* was issued that the opinion is to be read as narrowly restricted to the circumstances of that case. *See United States v. Cooper*, 498 F.3d 1156, 1160 (10th Cir. 2007) ("The exception created by *Gordon* . . . is extremely narrow and applies only in the case where there is no factual dispute as to the amount of restitution linked to an offense and the legality of the district court's restitution award can therefore be reviewed

6

solely as a question of law."); *see also United States v. Williams*, 861 F. App'x 185, 188 (10th Cir. 2021) (*Gordon* should not be "read to suggest a broad exception to an appeal waiver, allowing a defendant to evade the waiver whenever he challenges a restitution order as unlawful"). Mr. Prestel "has the burden to present evidence from the record establishing that he did not understand the waiver." *United States v. Edgar*, 348 F.3d 867, 872–73 (10th Cir. 2003). But he has produced no such evidence.

Finally, invoking *Hahn*'s third prong, Mr. Prestel asserts that enforcing the waiver would create a miscarriage of justice. He raises two arguments. We are not persuaded.

One of Mr. Prestel's arguments repeats an assertion we have already rejected. He relies on the statement in *Hahn* that a miscarriage of justice occurs when "the sentence exceeds the statutory maximum," 359 F.3d at 1327 (internal quotation marks omitted), and then argues that the three challenged conditions of release fit that description. But we have already pointed out that *Holzer* rejected the notion that an unquantifiable aspect of punishment, such as the typical condition of supervised release, can exceed a statutory *maximum. See* 32 F.4th at 887.

Mr. Prestel's other argument is based on *Hahn*'s statement that enforcement of a waiver creates a miscarriage of justice "where the waiver is otherwise unlawful." 359 F.3d at 1327 (internal quotation marks omitted). He contends his waiver is unlawful because it precludes us from addressing whether the three supervised release conditions "plainly violate the established law of this Circuit." Reply Br. at 8.

7

But, again as *Holzer* explained, this "exception [to our general enforcement of appellate waivers] looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the sentencing proceeding may have involved legal error." 32 F.4th at 887 (brackets and internal quotation marks omitted). "An appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). Mr. Prestel has not shown, or even argued, that his appellate waiver is otherwise unlawful, so we reject his argument under *Hahn*'s third prong.

We **DENY** Mr. Prestel's request that we vacate conditions 4, 5, and 6 of his supervised release and **AFFIRM** his sentence.